UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CMFG LIFE INSURANCE COMPANY**                                **CIVIL ACTION**

**VERSUS**

**VERETA T. LEE, ET AL.**                                              **NO. 20-00157-BAJ-RLB**

## RULING AND ORDER

Before the Court is interpleader Defendant Vereta T. Lee's Motion for Summary Judgment (Doc. 23), seeking an order and judgment entitling her to the proceeds payable under an accidental death and dismemberment policy and a term life insurance policy, both issued on the life of now-deceased Keithan D. Lee ("Decedent"). Interpleader Plaintiff CMFG Life Insurance Company issued the policies and deposited the policies' proceeds into the Court Registry Court pursuant to this Court's Order of November 30, 2020. (*See* Doc. 15). Lee's Motion will be denied for failure to comply with this Court's Local Rules regarding submission of evidence in support of her Motion.

This Court's Local Rules provide that a party seeking summary judgment must submit a Supporting Statement of Material Facts, specifically defined as

> a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables **and shall be supported by a record citation as required by subsection (f) of this rule**.

M.D. La. LR 56(b). In turn, Local Rule 56 subsection (f) provides, in relevant part:

> An assertion of fact set forth in a statement of material facts **shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.** The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

M.D. La. LR 56(f).

Here, Lee has purported to submit a statement of undisputed material facts in support of her Motion, yet has failed to identify or cite any record evidence whatsoever to substantiate these "facts." (*See* Doc. 23-1 at 35-36). And although Lee's adversary in these proceedings, interpleader Defendant Kelly Frazier, admits certain of Lee's proposed facts in her Opposing Statement of Material Facts, Frazier expressly contests or denies proposed "facts" that are material to the outcome of Lee's Motion, including that Decedent executed a valid change of beneficiary form in Lee's favor prior to his death. (*Compare* Doc. 23-1 at 35-36, *with* Doc. 20-1).

This Court has repeatedly admonished that "summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute (or lack thereof)." *Mitchell v. Diamond Plastics Corp.*, No. 18-cv-00919-BAJ-RLB, 2021 WL 1234520, at *1 (M.D. La. Mar. 31, 2021) (Jackson, J.) (emphasis in original, quotation marks omitted); *see also Gerkin v. McMurdo*, No. 19-cv-00249, 2021 WL 664840, at *1 (M.D. La. Feb. 19, 2021) (Jackson, J.) *Combs v. Exxon Mobil Corp.*, No. 18-cv-00459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) (Jackson, J.). Further, this Court has repeatedly warned that its Local Rules carry the force of law, that

2

parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at his own peril." *Combs*, 2020 WL 5121362, at *2; *see also Spell v. Edwards*, No. 20-cv-00282, 2020 WL 6588594, at *2 (M.D. La. Nov. 10, 2020) (Jackson, J.).

Due to Lee's failure to identify and cite record evidence supporting her assertions, the Court disregards her purported statement of undisputed material facts. M.D. La. LR 56(f). As a result, the Court lacks an evidentiary basis to determine the merits of Lee's Motion, and Lee has failed to carry her burden of proving "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Accordingly,

**IT IS ORDERED** that interpleader Defendant Vereta T. Lee's Motion for Summary Judgment (Doc. 23) is **DENIED**.

Baton Rouge, Louisiana, this 13th day of April, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3